# Kramer Levin

**MEMO ENDORSED**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/21

Natan Hamerman
Counsel
T 212.715.7756
F 212.715.8065
nhamerman@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
T 212.715.9100
F 212.715.8000

September 15, 2021

BY ECF AND EMAIL

United States District Judge
United States District Court
The Honorable Valerie E. Caproni
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *In re Application of CBRE for Discovery in Aid of Foreign Proceedings Pursuant to 28 U.S.C. Section 1782*; 20 Misc. 00315 (VEC)

Dear Judge Caproni:

    We represent petitioners in this proceeding. We write jointly with counsel for respondents in accordance with Rules 2(A) and (D) of Your Honor's Individual Practices to submit the accompanying proposed protective order, which has been agreed to by both sides. If the proposed protective order is acceptable to the Court, the parties jointly request that it be "So Ordered."

    We thank the Court for its assistance with this matter.

Respectfully submitted,

*/s/ Natan Hamerman*

Natan Hamerman

Attachment

cc: All counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of CBRE GLOBAL INVESTORS (NL) B.V., CBRE DRET CUSTODIAN I B.V., CBRE DHC MAASTRICHT (GROTE STAAT V) B.V. and CBRE DHC DEN HAAG (GROTE MARKSTRAAT V) B.V. for an Order Seeking Discovery Under 28 U.S.C. § 1782 | No. 1:20-MC-00315 (VEC) |

### [PROPOSED] PROTECTIVE ORDER

**WHEREAS**, on September 4, 2020, CBRE Global Investors (Nl) B.V., CBRE Dret Custodian I B.V., CBRE DHC Maastricht (Grote Staat V) B.V. And CBRE DHC Den Haag (Grote Markstraat V) B.V (collectively, "**CBRE**") filed in the United States District Court for the Southern District of New York its *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and certain memoranda, declarations, and exhibits in support thereof (collectively, the "**Application**") (Dkt. 1-6), seeking discovery in aid of certain foreign judicial proceedings in the Netherlands (the "**Guarantee Litigation**") and in Canada (the "**Restructuring Litigation**");

**WHEREAS**, CBRE included with its Application copies of the subpoenas (the "**1782 Subpoenas**") (Dkt. 6.7–6.8) that it intended to serve on HBC US Holdings LLC ("**HBC US**") and Mr. David Schwartz (together the "**Respondents**," and collectively with CBRE, the "**Parties**");

**WHEREAS**, Judge Valerie E. Caproni (the "**Court**") granted CBRE's Application *ex parte* on September 11, 2020. (Dkt. 8);

**WHEREAS,** CBRE subsequently served the 1782 Subpoenas on the Respondents;

**WHEREAS**, the 1782 Subpoenas sought **(i)** certain documents from HBC US and certain of its foreign affiliates and **(ii)** testimony from **(a)** Mr. David Schwartz and **(b)** a representative of HBC US pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 6.7–6.8);

**WHEREAS,** the Respondents moved to quash the 1782 Subpoenas on November 5, 2020 (the "**Motion**"). (Dkt. 18-19);

**WHEREAS,** CBRE submitted its brief in opposition to the Motion on November 30, 2020 (Dkt. 32-35), and the Respondents submitted their reply in further support of the Motion on December 11, 2020. (Dkt. 36);

**WHEREAS,** the Court heard oral arguments on the Motion on January 27, 2021. (Dkt. 41);

**WHEREAS**, the Court issued an opinion and order on July 9, 2021 denying the Motion subject to certain limitations on the scope of the 1782 Subpoenas (the "**Order**"). (Dkt. 43);

**WHEREAS**, Respondents' production of documents and information under the Order (the "**1782 Document Materials**") may contain sensitive non-public information, which might include, for example, confidential or proprietary commercial or business information, financial information, contractual agreements, and personnel information, among other types of sensitive information;

**WHEREAS**, witness testimony provided pursuant to the Order (the "**1782 Testimony**") may also address sensitive nonpublic information;

**WHEREAS**, the Respondents may be adversely impacted by the unintentional or deliberate misuse or dissemination of such sensitive non-public information; and

**WHEREAS**, the Parties hereby agree that the following provisions shall govern CBRE's use of and Respondents' claim of confidentiality of the 1782 Document Materials and the 1782 Testimony (together, the "**1782 Discovery Materials**") provided by the Respondents pursuant to this Protective Order:

1. **Scope**

This confidentiality agreement and protective order (the "**Protective Order**") applies to, and is intended to protect, **(i)** 1782 Document Materials (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule), and **(ii)** 1782 Testimony, produced or disclosed by the Respondents pursuant to the 1782 Subpoenas. 1782

Discovery Materials also includes excerpts, summaries, compilations, or other derivatives of 1782 Discovery Materials.

2.  **CBRE's Use of 1782 Discovery Materials**

CBRE shall only use 1782 Discovery Materials in connection with proceedings in the Guarantee Litigation or the Restructuring Litigation or any proceedings related to the Guarantee Litigation or the Restructuring Litigation, and CBRE shall only use such materials in the manner(s) set forth in its Application, its opposition to the Motion, or at oral argument before the Court on January 27, 2021.  CBRE shall not use any 1782 Discovery Materials for any other purpose and shall not provide or disclose 1782 Discovery Materials to the general public, including to any reporter or member of the press.

3.  **Method for Designating 1782 Discovery Materials as "Confidential"**

   A.   Respondents may, in good faith, designate 1782 Document Materials "confidential" by stamping a "confidential" designation on each page of the document.  Respondents will reserve use of "confidential" designations for 1782 Document Materials that contain sensitive personal, commercial, financial, or proprietary information, or when the document otherwise normally would not be revealed to third parties.

   B.   Respondents may, in good faith, designate portions of 1782 Testimony "confidential" at the time the testimony is provided or within fourteen (14) days of receipt of any deposition transcript.  Such "confidential" designations will be reserved for portions of 1782 Testimony that contain sensitive personal, commercial, financial, or proprietary information, or when the content of the testimony would not ordinarily be revealed to third parties.  No objection shall be interposed at a witness's deposition that an answer would elicit confidential information.  The entirety of a deposition transcript will be treated as confidential for the entire 14-day period following receipt of that deposition transcript.

4. **Treatment of "Confidential" 1782 Discovery Materials**

  A. All 1782 Discovery Materials designated "confidential" may only be shown to CBRE (including its attorneys), and CBRE's experts, consultants, witnesses, court personnel, and other persons necessary to review the documents in proceedings in connection with the Guarantee Litigation or the Restructuring Litigation (or any proceedings related to the Guarantee Litigation or the Restructuring Litigation). Any non-party (other than court personnel) who is permitted to see confidential 1782 Discovery Materials shall **(i)** be informed of this Protective Order and be advised of the obligation to honor the terms herein, and **(ii)** sign an "Agreement to be Bound" in the form attached hereto as Exhibit A.

  B. Notwithstanding the foregoing or anything to the contrary in this Protective Order (including in Paragraphs 2, 3 or 4(A) above), the Parties agree that: (i) any and all 1782 Discovery Materials (including 1782 Discovery Materials designated as "confidential") may be filed and/or used in the Guarantee Litigation or the Restructuring Litigation (or any proceedings related to the Guarantee Litigation or the Restructuring Litigation); and (ii) there shall be no need or obligation for CBRE in the Guarantee Litigation or the Restructuring Litigation (or any proceedings related to the Guarantee Litigation or the Restructuring Litigation) to seal 1782 Discovery Materials filed or used in such litigation.

  C. Nothing in Paragraph 4(B) shall be construed as preventing Respondents (or their affiliates) from seeking permission in the Guarantee Litigation or Restructuring Litigation (or any proceedings related to the Guarantee Litigation or the Restructuring Litigation) to seal or obtain further confidentiality protections for 1782 Discovery Material designated as "confidential."

5. **No Waiver or Limitation**

Nothing in this Protective Order shall be construed to limit Respondents' use of their own documents, things, or information. The inadvertent, unintentional, or *in camera* disclosure of confidential 1782

4

Discovery Materials shall not be deemed a waiver, in whole or in part, of Respondents' claim of confidentiality. If Respondents discover that they inadvertently produced some portion(s) of 1782 Discovery Material that should have been designated as "confidential," Respondents may designate such 1782 Discovery Materials "confidential" retroactively by providing written notice to CBRE as soon as practicable after Respondents' discovery that 1782 Discovery Materials were not properly designated, provided that **(i)** the material in question has not already been published or otherwise disclosed, **(ii)** that the retroactive "confidential" designation will not prejudice CBRE's rights, and **(iii)** that Respondents' failure to properly designate the materials "confidential" was not unreasonable.

6. **Disclosure of Protected Information**

If any 1782 Discovery Material is disclosed, inadvertently or otherwise, by CBRE (including by any non-parties that CBRE supervises or controls) to anyone not permitted to receive such material under this Protective Order, then: **(i)** CBRE shall use its best efforts to retrieve the material and ensure that any copies thereof disclosed to such other person or party are promptly destroyed; **(ii)** CBRE shall promptly inform the unauthorized recipient of the materials of all the provisions of this Protective Order; and **(iii)** CBRE shall promptly inform the Respondents of the unauthorized disclosure and identify the recipient(s) thereof.

7. **Compelled Disclosures of 1782 Discovery Materials**

Nothing in this Protective Order shall prevent the disclosure of 1782 Discovery Materials if disclosure is compelled by a court order or other legal process. CBRE must provide copies of any such order or legal process to Respondents as soon as practicable upon CBRE's receipt of such order or legal process. CBRE shall not produce any 1782 Discovery Materials in response to any such order or legal process before fourteen (14) days after notice is provided to Respondents unless compliance is required in fewer than fourteen (14) days. If CBRE receives any such order or legal process, CBRE shall assert the confidentiality requirements of this Protective Order as a defense to

5

any such court order or legal process that purports to require CBRE to disclose the 1782 Discovery Materials.

8. **Disposition of Section 1782 Discovery Materials**

Within sixty (60) days after the final conclusion of proceedings in connection with the Guarantee Litigation or the Restructuring Litigation or any proceedings related to the Guarantee Litigation or the Restructuring Litigation (as applicable), CBRE shall destroy all originals and reproductions of all 1782 Discovery Materials.

9. **Survival of Obligations**

All of the provisions of this Protective Order shall survive the conclusion of proceedings in the Guarantee Litigation and the Restructuring Litigation. The Guarantee Litigation and the Restructuring Litigation shall be deemed "concluded" when they have finally and completely terminated under their respective laws.

10. **Continuing Jurisdiction**

For purposes of enforcing this Protective Order and resolving any disputes arising hereunder, the Parties consent to the continuing jurisdiction of the Court. The Court shall have exclusive jurisdiction over any such disputes.

11. **Relief from Protective Order**

CBRE reserves the right to challenge or dispute any "confidential" designations by Respondents. Entry of this Protective Order shall be without prejudice to any request by any Party:

    a. for relief from any restriction contained herein; or

    b. for any order compelling or further restricting the production or use of any 1782 Discovery Material.

**12.     Amendment by Mutual Agreement**

The Parties may amend or modify any provision of this Order by mutual agreement, which shall become effective when embodied in a written amendment approved and so-ordered by the Court.

**13.     Obligation to Meet and Confer**

The Parties will meet and confer concerning any disputes that arise under this Protective Order.  The Parties shall work in good faith to resolve any such disputes amicably, and neither Party is permitted to seek the aid of the Court in any such dispute unless the Parties are at an impasse.

**SO ORDERED.**

Dated: September  15, 2021  
New York, New York

_____  
VALERIE E. CAPRONI  
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of CBRE GLOBAL INVESTORS (NL) B.V., CBRE DRET CUSTODIAN I B.V., CBRE DHC MAASTRICHT (GROTE STAAT V) B.V. and CBRE DHC DEN HAAG (GROTE MARKSTRAAT V) B.V. for an Order Seeking Discovery Under 28 U.S.C. § 1782 | No. 1:20-MC-00315 (VEC) |

## AGREEMENT TO BE BOUND

1.  I, _____, hereby affirm that I have read the Protective Order entered by the Court in the above-captioned matter;

2.  I agree to be bound by the Protective Order, including, without limitation, all restrictions set forth therein on the use or disclosure of documents, testimony, and other information designated as "confidential";

3.  I understand that I shall be subject to the jurisdiction of the United States District Court for the Southern District of New York ("SDNY") in any proceeding relating to my performance under, compliance with, or violation of the Protective Order.

4.  I consent to such jurisdiction and agree to waive any and all arguments that SDNY lacks jurisdiction to adjudicate or is an inconvenient forum for such a proceeding.

5.  I further understand that the Protective Order is enforceable under the laws of the United States. If I violate the Protective Order in any manner, I may be subject to remedies and/or penalties.

Signature: _____

Date: _____